Chen C. WANG; Victoria R. Wang;
EIC Group, Inc., Plaintiffs,

and

United States of America,
Defendant–Appellant,

v.

James HORIO, Defendant–Appellee.

No. 93–15902.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 14, 1994.

Decided Jan. 25, 1995.

Michael E. Robinson, U.S. Dept. of Justice, Washington, DC, for defendant-appellant.

Thomas J. LoSavio, Low, Ball & Lynch, San Francisco, CA, for defendant-appellee.

Before: HUG, CANBY, and KLEINFELD, Circuit Judges.

KLEINFELD, Circuit Judge:

The issue before us is whether the government was substantially justified in taking the position that an undercover informant was not an employee.

## I. FACTS

The United States challenges the award of attorney's fees granted to Horio under the Equal Access to Justice Act, 28 U.S.C. § 2412, for a petition for certification as a government employee brought under the Westfall Act, 28 U.S.C. § 2679(d)(3).

Chen and Victoria Wang hired Horio as a financial consultant. During his employment he formed the opinion that the Wangs were violating tax laws. Horio approached a neighbor who worked for the Internal Revenue Service and offered his services as an informant. The IRS accepted, and on several occasions wired Horio so he could secretly tape conversations with the Wangs.

Horio's principal contact at the IRS repeatedly told Horio that he was in no way considered a government employee. Horio

was not compensated for any of the information given. But Horio's IRS contact spoke with him several times each week. The IRS agent told Horio what questions to ask the Wangs, wired him with concealed devices to tape his conversations with the Wangs, and told Horio when and where to meet the Wangs.

The IRS secured an indictment against the Wangs, but it was dismissed. The Wangs then sued Horio, asserting a number of state tort claims, as well as constitutional tort claims under *Bivens v. Six Unknown Named Agents,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). All the claims were based on Horio's informing on the Wangs while they thought he was working for them.

Horio asked the Attorney General to certify, under the Westfall Act, that he was an employee of the government at the time of the alleged torts. The Westfall Act states, in relevant part:

> (d)(1) Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a United States district court shall be deemed an action against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant.

28 U.S.C. § 2679(d)(1). The government first agreed to represent Horio, but the Attorney General decided not to certify that Horio was a government employee.

With privately retained counsel, Horio petitioned the district court, under the Westfall Act, 28 U.S.C. § 2679(d)(3), for a finding that certification was appropriate. The relevant portion of the Westfall Act says:

> (3) In the event that the Attorney General has refused to certify scope of office or employment under this section, the employee may at any time before trial petition the court to find and certify that the employee was acting within the scope of his office or employment. Upon such certification by the court, such action or proceeding shall be deemed to be an action or

proceeding brought against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant. . . .

28 U.S.C. § 2679(d)(3). The Attorney General then withdrew representation for Horio.

The district court held an evidentiary hearing, found that certification had been improperly denied, and ordered the United States substituted in as a party. Horio then sought an award of attorneys' fees under the Equal Access to Justice Act, 28 U.S.C. § 2412, for the litigation involved in securing the Westfall certification. The Equal Access to Justice Act states, in relevant part:

> (d)(1)(A) Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency actions, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).

The government claims: (1) that Horio was not a prevailing party within the meaning of the statute; (2) this was a case sounding in tort and so Horio was expressly precluded from gaining an award of fees; (3) the statute does not allow an award of fees for the *Bivens* action; and (4) no fees should be awarded because the government's position was substantially justified. The district court rejected all these defenses and awarded $18,122 in fees to Horio. The government appeals from the fee award. Only the fee award, not the certification, is before us on appeal. We reverse.

## II. ANALYSIS

We reverse the attorney's fees award because the government was substantially justi-

fied in its position that Horio was not an employee.

The Equal Access to Justice Act bars an award of fees if "the court finds that the position of the United States was substantially justified." 28 U.S.C. § 2412(d)(1)(A). If a reasonable person could be satisfied that Horio was not a government employee, then the government was substantially justified in taking that position:

> '[S]ubstantial justification' under the EAJA means that the government's position must have a 'reasonable basis both in law and in fact,' i.e., the government need not be 'justified to a high degree,' but rather 'justified in substance or in the main'—that is, justified to a degree that could satisfy a reasonable person.

*Bay Area Peace Navy v. U.S.*, 914 F.2d 1224, 1230 (9th Cir.1990) (quoting *Pierce v. Underwood,* 487 U.S. 552, 564, 108 S.Ct. 2541, 2550, 101 L.Ed.2d 490 (1988)). The question of substantial justification in this case is a factual one, focusing primarily on the amount of control the government exercised over Horio. *See Letnes v. U.S.,* 820 F.2d 1517, 1519 (9th Cir.1987).

Horio was repeatedly told, and repeatedly acknowledged, that he was not an employee of the IRS. On August 26, 1982, Horio and the IRS Agent expressly agreed, on tape, that Horio was *not* an employee:

> IRS agent: ... you are providing information to the Internal Revenue Service. However, I must admonish you that you should not conduct any illegal activity on behalf of the Internal Revenue Service and that *you are not an employee of the Internal Revenue Service* and that it's most important that you do nothing in this matter which would violate the law in any way. You understand that?
>
> Horio: Yes.
>
> IRS agent: And do you agree at this time that that was explained to you on the two previous occasions that we have met?
>
> Horio: Yes.

Though Horio points out the extensive control the IRS exercised over him during his surreptitiously taped conversations with his clients, the relationship was not typical of employment. He did not go to work at the IRS each morning, or receive a biweekly check from the government. He received no regular pay. The district court found that he was not compensated by the government at all. He volunteered to inform on his clients, the Wangs, who did pay and employ him. He was free to withdraw from his informant relationship with the IRS. If he chose to inform, the IRS could and did tell him how to wear wires, what wires to wear, and what to say. But Horio was not like an undercover police officer, who might go to work at a government office each morning, and be told some time by his supervisor, "today you are directed to wire yourself for sound and work undercover to inform on the Wangs."

We review for abuse of discretion the determination that the government's position was not substantially justified. *Bay Area Peace Navy,* 914 F.2d at 1230. Generally an informant is not a government employee. *Slagle v. U.S.,* 612 F.2d 1157, 1160–61 (9th Cir.1980). Sometimes someone "who is not the run-of-the-mill informant" may be found to be one. *Leaf v. United States,* 661 F.2d 740, 741 (9th Cir.1981), *cert. denied,* 456 U.S. 960, 102 S.Ct. 2036, 72 L.Ed.2d 484 (1982). In this case, a reasonable person could be satisfied that Horio was a "run-of-the-mill informant," not an exception to the general rule. Though ultimately judged to be erroneous by the district court, the government's position that Horio was not an employee was "substantially justified."

We conclude that the district court abused its discretion in finding that the government's position was not "substantially justified." Therefore, we reverse the award of attorney's fees.

Because the government's position was substantially justified, we do not reach the remaining issues raised in the briefs. We do not decide whether the tort exception to the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A), applies to Westfall Act petitions, 28 U.S.C. § 2679(d)(3), by defendants in tort claims. Nor do we decide whether the money Horio spent defending himself against the Wangs' tort claim, as well as the money he spent on his petition for certification, would be allowable as EAJA attorneys'

fees for unjustified denial of Westfall Act certification. Nor do we decide whether Horio would have to prevail against the Wangs on their tort claims, as well as against the government on his Westfall Act claim, to be a prevailing party for EAJA purposes. Because the government's position on the Westfall Act certification was substantially justified, the award of attorneys' fees in favor of Horio must be vacated.

REVERSED.